UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 3:13 CV 624 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

Timothy Collins, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary hearing (NCF 12-09-124) that was held at the New Castle Correctional Facility on October 5, 2012. The Disciplinary Hearing Body (DHB) found him guilty of Conspiring/Attempting/Aiding Trafficking in violation of A-111/113, sanctioned him with the loss of 180 days earned credit time, and demoted him from Credit Class 2 to Credit Class 3. Collins raises six grounds in his petition.

First, he argues that he was denied access to evidence used against him. Though an accused inmate has the right to present relevant, exculpatory evidence, *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), here Collins did not request any evidence during his screening on this charge. Rather, he "[b]ecame disorderly, actually stole confidential paperwork and ran from staff during screening." (DE # 8 at 8.) Though he may have asked for evidence during his hearing, "[t]he law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses." *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997). Neither does it permit him to wait to request

evidence either. Moreover, even if his request had been timely, it would not have been a due process violation to have denied him information about a confidential informant because "[a] prison disciplinary board may rely on the testimony of confidential informants, and it may keep their identities (and information relating to their identities) secret, because revealing the names of informants could lead to the death or serious injury of the informants." *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995) (quotation marks, ellipsis, and citation omitted). Neither would it have been a due process violation to have denied him a photograph of the contraband that was seized because a photo of the drugs could not have been exculpatory. *See Wolff*, 418 at 566.

Second, Collins argues that he was denied lab test results of the drugs. Again, Collins made no such request during his screening on this charge. Nevertheless, even if Collins requested that the drugs be tested by a laboratory, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 at 556. Though prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (Inmates are not entitled to laboratory testing of substances.)

Third, Collins argues that the conduct report contains false statements. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, false information in a conduct report is not a basis for habeas corpus relief. Moreover, the allegedly false information is not even relevant to Collins' guilt. Collins alleges that the conduct report falsely states that a confidential informant stated that he was trafficking by mail. Collins argues that there was no confidential informant (only an anonymous, unsigned request slip) and there was no allegation that he was trafficking by mail. None of that is relevant because drugs were found in his mail. The drugs in his mail are relevant. How/why prison authorities decided to look in his mail is not because "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

Fourth, Collins argues that there was no evidence indicating that he conspired to traffic in drugs and that anyone could have mailed him drugs without his doing anything to encourage them. The conduct report says that Collins received drugs in the mail. That alone is sufficient to find that there was some evidence that he conspired to traffic drugs. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (Even a conduct report alone can provide evidence sufficient to support the finding of guilt.) Corroborating evidence is unnecessary because "the relevant question is whether there

is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). It is true (however implausible) that someone could have randomly sent him drugs without his prior knowledge, but "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Prisoners do not normally receive unsolicited drugs in the mail, therefore it was reasonable for the DHB to have concluded that Collins conspired to traffic.

Fifth, Collins argues that he was denied the right to call and confront the informant. As previously explained, Collins did not request any witnesses when he was screened and any request that he made during his hearing was too late. *See Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997). Also as previously explained, the DHB was not required to disclose any information about a confidential informant. *See Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Moreover, inmates have no right to confront and cross examine witnesses. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Collins also argues that he was denied the opportunity to obtain statements from several prison officials to whom he had reported his fear that another inmate would submit false information about him. Again, as previously explained, such testimony

would not have been relevant. It was not the report about his mail that resulted in his being found guilty, it was his receipt of drugs in the mail. Moreover, even without a report about Collins, all inmate mail is subject to search, *see Wolff*, 418 at 576, and therefore it is irrelevant whether the "tip" was reliable.

Sixth, Collins alleges that he was denied a fair and impartial decision maker because the hearing officer did not believe his testimony and told him that his story about being sent unsolicited drugs was absurd. "Adjudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d at 666 (citations omitted). Due process is satisfied so long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case. *Id.* at 667. The mere fact that the hearing officer disbelieved Collins does not demonstrate unfairness or partiality.

For the foregoing reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4 and this case is **DISMISSED**.

**SO ORDERED.**

Date: October 16, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT